UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK, | No. 2:17-cv-0720 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| ROSS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On August 16, 2017, the court screened plaintiff's original complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to amend. Plaintiff filed an amended complaint on August 31, 2017.

During the screening process, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

As plaintiff has been already been informed, in order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff again alleges he was subjected to unwanted sexual advances and taunting by female Correctional Officer Ross and was ultimately verbally goaded by her into exposing himself, which resulted in plaintiff's being placed in segregated housing for some unspecified period of time. As plaintiff was informed in the court's original screening order, prisoners have a right to be free of physical sexual abuse from correctional officers, but the Eighth Amendment protection generally does not apply to verbal harassment even when sexual in nature. Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). All of plaintiff's allegations in his amended complaint which are sexual in nature concern verbal harassment and, in any case, do not rise to the level of cruel and unusual punishment forbidden by the Eighth Amendment.

With respect to the hearing that resulted in plaintiff being disciplined, plaintiff does not state a cognizable claim for violation of due process because he does not allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Plaintiff has not alleged that he has suffered atypical and significant hardship as a result of a temporary assignment to a higher level of custody.

Finally, plaintiff alleges he has been retaliated for filing prisoner grievances. However, the court does not identify any facts which suggest a defendant took any adverse action against

plaintiff in retaliation for plaintiff's exercise of his First Amendment rights which also did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

For all of the foregoing reasons, plaintiff's amended complaint fails to state a claim upon which relief can be granted. Because plaintiff's amended complaint contains essentially the same content as the original, despite the court providing guidance to plaintiff in the court's August 16, 2017 screening order concerning the deficiencies of plaintiff's claims, leave to amend will not be granted a second time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 26, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
patr0720.14(2)

3